IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Norfolk Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 2:18cr119 |
| | ) | |
| DESMOND LITTLEJOHN | ) | |

## GOVERNMENT'S PROPOSED JURY INSTRUCTIONS

The United States of America respectfully requests the Court to include in its charge
to the jury the following instructions and such other instructions as may become appropriate
during the course of the trial.

### I.   General Instructions

| No. | Subject | Legal Authority |
|---|---|---|
| 1. | Introduction to the Final Charge - Province of the Court and the Jury | O'Malley (6th ed.) § 12.01 |
| 2. | Judging the Evidence | O'Malley (6th ed.) § 12.02 |
| 3. | Evidence Received in the Case - Stipulations, Judicial Notice, and Inferences Permitted | O'Malley (6th ed.) § 12.03 |
| 4. | Direct and Circumstantial Evidence | O'Malley (6th ed.) § 12.04 |
| 5. | Inferences from the Evidence | O'Malley (6th ed.) § 12.05 |
| 6. | Jury's Recollection Controls | O'Malley (6th ed.) § 12.07 |
| 7. | The Question is not Evidence | O'Malley (6th ed.) § 12.08 |
| 8. | Consider Each Count Separately | O'Malley (6th ed.) § 12.12 |
| 9. | Presumption of Innocence, Burden of Proof - Reasonable Doubt | O'Malley (6th ed.) § 12.10 |
| 10. | Objections and Rulings | O'Malley (6th ed.) § 11.03 |

| 11. | Court's Questions to Witnesses | O'Malley (6th ed.) § 11.05 |
| 12. | Court's Comments on Certain Evidence | O'Malley (6th ed.) § 11.06 |
| 13. | The Indictment is Not Evidence | O'Malley (6th ed.) § 13.04 |
| 14. | Opinion Evidence - the Expert Witness | O'Malley (6th ed.) § 14.01 |
| 15. | Credibility of Witnesses - Generally | O'Malley (6th ed.) § 15.01 |
| 16. | Credibility of Witnesses - the Defendant as a Witness | O'Malley (6th ed.) § 15.12 |
| 17. | Effect of the Defendant's Failure to Testify | O'Malley (6th ed.) § 15.14 |
| 18. | "On or About" - Explained | O'Malley (6th ed.) § 13.05 |
| 19. | "Knowingly" - Defined | O'Malley (6th ed.) § 17.04 |
| 20. | Proof of Knowledge or Intent | O'Malley (6th ed.) § 17.07 |

## II.  Offenses

### Conspiracy to Interfere with Commerce by Robbery, 18 U.S.C. § 1951(a)

| 21. | Nature of the Offense Charge --Count One | Indictment |
| 22. | Statute Defining the Offense Charged-- Count One | 18 U.S.C. § 1951 |
| 23. | Essential Elements of the Offense Charged-- Count One | O'Malley (6th ed.) § 31.03 |
| 24. | Conspiracy‒Existence of an Agreement | O'Malley (6th ed.) § 31.04 |
| 25. | Conspiracy‒Membership in an Agreement | O'Malley (6th ed.) § 31.05 |
| 26. | Acts and Declarations of Co-Conspirators | O'Malley (6th ed.) § 31.06 |
| 27. | Circumstantial Evidence—Conspiracy Cases | Case Law |
| 28. | "Overt Act"‒Defined | O'Malley (6th ed.)  § 31.07 |
| 29. | Success of Conspiracy Immaterial | O'Malley (6th ed.) § 31.08 |

**Interference with Commerce by Robbery, 18 U.S.C. § 1951(a)**

| | | |
|---|---|---|
| 30. | Nature of the Offense Charged - Count Two | Indictment; O'Malley (6th ed.) § 53.01 |
| 31. | Statute Defining the Offense Charged - Count Two | 18 U.S.C. § 1951(a); O'Malley (6th ed.) § 53.02 |
| 32. | Essential Elements of the Offense Charged - Count Two | O'Malley (6th ed.) § 53.03 |
| 33. | "Obstruct, Delays, or Affects Commerce" - Defined | O'Malley (6th ed.) § 53.04; L. Sand 17.03 |
| 34. | "Robbery" - Defined | O'Malley (6th ed.) § 53.05 |
| 35. | "Property" - Defined | O'Malley (6th ed.) § 53.10 |
| 36. | "By Force and Violence, or By Intimidation" - Defined | O'Malley (6th ed.) § 58.04 |

**Use of a Firearm During a Crime of Violence, 18 U.S.C. § 924(c)(1)(A)(ii)**

| | | |
|---|---|---|
| 37. | Nature of the Offense Charged - Count Three | Indictment; O'Malley (6th ed.) § 39.16 |
| 38. | Statute Defining the Offense Charged - Count Three | 18 U.S.C. § 924(c)(1)(A)(ii); O'Malley (6th ed.) § 39.17 |
| 39. | Essential Elements of the Offense Charged - Count Three | O'Malley (6th ed.) § 39.18 |
| 40. | "Firearm" - Defined | O'Malley (6th ed.) § 39.11 |
| 41. | "Uses or Carries a Firearm" - Defined | O'Malley (6th ed.) § 39.20 |
| 42. | "Brandish" – Defined | 18 U.S.C. § 924(c)(1)(D)(4) |
| 43. | "To Possess" – Defined | O'Malley (6th ed.) § 64.08 |
| 44. | "Crime of Violence" – Defined | O'Malley (6th ed.) § 39.19 |
| 45. | "In Relation to" – Defined | Case Law |

### III. Closing Instructions

46.  DNA Evidence                                    L. Sand 4.13

47.  Verdict–Election of Foreperson–                 O'Malley (6th ed.) § 20.01
     Duty to Deliberate–Unanimity–
     Punishment–Form of Verdict–
     Communication with the Court


                          Respectfully submitted,

                          G. ZACHARY ZERWILLIGER
                          UNITED STATES ATTORNEY

             By:          /s/ William D. Muhr
                          William D. Muhr
                          Assistant United States Attorney
                          Attorney for the United States
                          Virginia State Bar No. 30652
                          United States Attorney's Office
                          101 West Main Street, Suite 8000
                          Norfolk, Virginia 23510
                          Office Number: (757) 441-6331
                          Facsimile Number: (757) 441-6689
                          E-Mail Address: bill.muhr@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on October 16, 2018, I electronically filed the foregoing

Government's Proposed Jury Instructions with the Clerk of Court using the CM/ECF system,

which will send a notification of such filing (NEF) to Attorney Scott Hallauer.


        /s/   William D. Muhr
William D. Muhr
Assistant United States Attorney
Attorney for the United States
Virginia State Bar No. 30652
United States Attorney's Office
101 West Main Street, Suite 8000
Norfolk, Virginia 23510
Office Number: (757) 441-6331
Facsimile Number: (757) 441-6689
E-Mail Address: bill.muhr@usdoj.gov

## INTRODUCTION TO THE FINAL CHARGE–PROVINCE OF THE COURT AND OF THE JURY

**MEMBERS OF THE JURY:**

NOW THAT YOU HAVE HEARD ALL OF THE EVIDENCE THAT IS TO BE RECEIVED IN THIS TRIAL AND EACH OF THE ARGUMENTS OF COUNSEL IT BECOMES MY DUTY TO GIVE YOU THE FINAL INSTRUCTIONS OF THE COURT AS TO THE LAW THAT IS APPLICABLE TO THIS CASE. YOU SHOULD USE THESE INSTRUCTIONS TO GUIDE YOU IN YOUR DECISIONS.

ALL OF THE INSTRUCTIONS OF LAW GIVEN TO YOU BY THE COURT—THOSE GIVEN TO YOU AT THE BEGINNING OF THE TRIAL, THOSE GIVEN TO YOU DURING THE TRIAL, AND THESE FINAL INSTRUCTIONS—MUST GUIDE AND GOVERN YOUR DELIBERATIONS.

IT IS YOUR DUTY AS JURORS TO FOLLOW THE LAW AS STATED IN ALL OF THE INSTRUCTIONS OF THE COURT AND TO APPLY THESE RULES OF LAW TO THE FACTS AS YOU FIND THEM TO BE FROM THE EVIDENCE RECEIVED DURING THE TRIAL.

THE ATTORNEYS HAVE QUITE PROPERLY REFERRED TO SOME OF THE APPLICABLE RULES OF LAW IN THEIR CLOSING ARGUMENTS TO YOU. IF, HOWEVER, ANY DIFFERENCE APPEARS TO YOU BETWEEN THE LAW AS STATED BY COUNSEL AND THAT AS STATED BY THE COURT IN THESE INSTRUCTIONS, YOU, OF COURSE, ARE TO BE GOVERNED BY THE INSTRUCTIONS GIVEN TO YOU BY THE COURT.

YOU ARE NOT TO SINGLE OUT ANY ONE INSTRUCTION ALONE AS STATING THE LAW, BUT MUST CONSIDER THE INSTRUCTIONS AS A WHOLE IN REACHING

YOUR DECISIONS.

NEITHER ARE YOU TO BE CONCERNED WITH THE WISDOM OF ANY RULE OF LAW STATED BY THE COURT. REGARDLESS OF ANY OPINION YOU MAY HAVE AS TO WHAT THE LAW OUGHT TO BE, IT WOULD BE A VIOLATION OF YOUR SWORN DUTY TO BASE ANY PART OF YOUR VERDICT UPON ANY OTHER VIEW OR OPINION OF THE LAW THAN THAT GIVEN IN THESE INSTRUCTIONS OF THE COURT JUST AS IT WOULD BE A VIOLATION OF YOUR SWORN DUTY, AS THE JUDGES OF THE FACTS, TO BASE YOUR VERDICT UPON ANYTHING BUT THE EVIDENCE RECEIVED IN THE CASE.

YOU WERE CHOSEN AS JUROR FOR THIS TRIAL IN ORDER TO EVALUATE ALL OF THE EVIDENCE RECEIVED AND TO DECIDE EACH OF THE FACTUAL QUESTIONS PRESENTED BY THE ALLEGATIONS BROUGHT BY THE GOVERNMENT IN THE INDICTMENT AND THE PLEA OF NOT GUILTY BY THE DEFENDANT.

IN RESOLVING THE ISSUES PRESENTED TO YOU FOR DECISION IN THIS TRIAL YOU MUST NOT BE PERSUADED BY BIAS, PREJUDICE, OR SYMPATHY FOR OR AGAINST ANY OF THE PARTIES TO THIS CASE OR BY ANY PUBLIC OPINION.

JUSTICE—THROUGH TRIAL BY JURY—DEPENDS UPON THE WILLINGNESS OF EACH INDIVIDUAL JUROR TO SEEK THE TRUTH FROM THE SAME EVIDENCE PRESENTED TO ALL THE JURORS HERE IN THE COURTROOM AND TO ARRIVE AT A VERDICT BY APPLYING THE SAME RULES OF LAW AS NOW BEING GIVEN TO EACH OF YOU IN THESE INSTRUCTIONS OF THE COURT.

AUTHORITY: 1A O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 12.01 (6th ed.).

INSTRUCTION NO. 2

**<u>JUDGING THE EVIDENCE</u>**

THERE IS NOTHING PARTICULARLY DIFFERENT IN THE WAY THAT A JUROR SHOULD CONSIDER THE EVIDENCE IN A TRIAL FROM THAT IN WHICH ANY REASONABLE AND CAREFUL PERSON WOULD DEAL WITH ANY VERY IMPORTANT QUESTION THAT MUST BE RESOLVED BY EXAMINING FACTS, OPINIONS, AND EVIDENCE. YOU ARE EXPECTED TO USE YOUR GOOD SENSE IN CONSIDERING AND EVALUATING THE EVIDENCE IN THE CASE. USE THE EVIDENCE ONLY FOR THOSE PURPOSES FOR WHICH IT HAS BEEN RECEIVED AND GIVE SUCH EVIDENCE A REASONABLE AND FAIR CONSTRUCTION IN THE LIGHT OF YOUR COMMON KNOWLEDGE OF THE NATURAL TENDENCIES AND INCLINATIONS OF HUMAN BEINGS.

IF THE DEFENDANT BE PROVED GUILTY BEYOND A REASONABLE DOUBT, SAY SO. IF NOT PROVED GUILTY BEYOND A REASONABLE DOUBT, SAY SO.

KEEP CONSTANTLY IN MIND THAT IT WOULD BE A VIOLATION OF YOUR SWORN DUTY TO BASE A VERDICT UPON ANYTHING OTHER THAN THE EVIDENCE RECEIVED IN THE CASE AND THE INSTRUCTIONS OF THE COURT. REMEMBER AS WELL THAT THE LAW NEVER IMPOSES UPON A DEFENDANT IN A CRIMINAL CASE THE BURDEN OR DUTY OF CALLING ANY WITNESSES OR PRODUCING ANY EVIDENCE BECAUSE THE BURDEN OF PROVING GUILT BEYOND A REASONABLE DOUBT IS ALWAYS WITH THE GOVERNMENT.

<u>AUTHORITY</u>: 1A O'Malley, Grenig and Lee, <u>Federal Jury Practice and Instructions</u>, § 12.02 (6th ed.).

INSTRUCTION NO. 3

**EVIDENCE RECEIVED IN THE CASE – STIPULATIONS, JUDICIAL NOTICE, AND INFERENCES PERMITTED**

THE EVIDENCE IN THIS CASE CONSISTS OF THE SWORN TESTIMONY OF THE WITNESSES - REGARDLESS OF WHO MAY HAVE CALLED THEM - ALL EXHIBITS RECEIVED IN EVIDENCE - REGARDLESS OF WHO MAY HAVE PRODUCED THEM - ALL FACTS WHICH MAY HAVE BEEN AGREED TO OR STIPULATED AND ALL FACTS AND EVENTS WHICH MAY HAVE BEEN JUDICIALLY NOTICED.

WHEN THE ATTORNEYS ON BOTH SIDES STIPULATE OR AGREE AS TO THE EXISTENCE OF A FACT, YOU MUST ACCEPT THE STIPULATION AS EVIDENCE AND REGARD THAT FACT AS PROVED.

IF THE COURT DECLARES THAT IT HAS TAKEN JUDICIAL NOTICE OF SOME FACT OR EVENT, YOU MAY ACCEPT THE COURT'S DECLARATION AS EVIDENCE AND REGARD AS PROVED THE FACT OR EVENT WHICH HAS BEEN JUDICIALLY NOTICED.

ANY PROPOSED TESTIMONY OR PROPOSED EXHIBIT TO WHICH AN OBJECTION WAS SUSTAINED BY THE COURT AND ANY TESTIMONY OR EXHIBIT ORDERED STRICKEN BY THE COURT MUST BE ENTIRELY DISREGARDED BY YOU.

ANYTHING YOU MAY HAVE SEEN OR HEARD OUTSIDE THE COURTROOM IS NOT EVIDENCE AND MUST BE ENTIRELY DISREGARDED.

QUESTIONS, OBJECTIONS, STATEMENTS, AND ARGUMENTS OF COUNSEL ARE NOT EVIDENCE IN THE CASE, UNLESS MADE AS AN ADMISSION OR STIPULATION OF FACT.

YOU ARE TO BASE YOUR VERDICT ONLY ON THE EVIDENCE RECEIVED IN

THE CASE.  IN YOUR CONSIDERATION OF THE EVIDENCE RECEIVED, HOWEVER, YOU ARE NOT LIMITED TO THE BALD STATEMENTS OF THE WITNESSES OR TO THE BALD ASSERTIONS IN THE EXHIBITS.  IN OTHER WORDS, YOU ARE NOT LIMITED SOLELY TO WHAT YOU SEE AND HEAR AS THE WITNESSES TESTIFY OR AS THE EXHIBITS ARE ADMITTED.  YOU ARE PERMITTED TO DRAW FROM THE FACTS WHICH YOU FIND HAVE BEEN PROVED SUCH REASONABLE INFERENCES AS YOU FEEL ARE JUSTIFIED IN THE LIGHT OF YOUR EXPERIENCE AND COMMON SENSE.

AUTHORITY: 1A O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 12.03 (6th ed.), modified in part, to correct misstatements in publication that the jury is "not required to" accept a stipulation or agreement as to the existence of a fact, or judicial notice of certain facts or events, as evidence; *see also* 1A Sand, *et al.*, Modern Federal Jury Instructions, Instruction No. 5-6 (Stipulation of Facts).

INSTRUCTION NO. 4

**<u>DIRECT AND CIRCUMSTANTIAL EVIDENCE</u>**

THERE ARE TWO TYPES OF EVIDENCE WHICH ARE GENERALLY PRESENTED DURING A TRIAL - DIRECT EVIDENCE AND CIRCUMSTANTIAL EVIDENCE.   DIRECT EVIDENCE IS THE TESTIMONY OF A PERSON WHO ASSERTS OR CLAIMS ACTUAL KNOWLEDGE OF A FACT, SUCH AS AN EYEWITNESS. CIRCUMSTANTIAL EVIDENCE IS PROOF OF A CHAIN OF FACTS AND CIRCUMSTANCES INDICATING THE EXISTENCE OF A FACT.   THE LAW MAKES NO DISTINCTION BETWEEN THE WEIGHT OR VALUE TO BE GIVEN TO EITHER DIRECT OR CIRCUMSTANTIAL EVIDENCE.   NOR IS A GREATER DEGREE OF CERTAINTY REQUIRED OF CIRCUMSTANTIAL EVIDENCE THAN OF DIRECT EVIDENCE.   YOU SHOULD WEIGH ALL THE EVIDENCE IN THE CASE.

<u>AUTHORITY</u>: 1A O'Malley, Grenig and Lee, <u>Federal Jury Practice and Instructions</u>, § 12.04 (6th ed.).

INSTRUCTION NO. 5

**<u>INFERENCES FROM THE EVIDENCE</u>**

INFERENCES ARE SIMPLY DEDUCTIONS OR CONCLUSIONS WHICH REASON AND COMMON SENSE LEAD THE JURY TO DRAW FROM THE EVIDENCE RECEIVED IN THE CASE.

<u>AUTHORITY</u>: 1A O'Malley, Grenig and Lee, <u>Federal Jury Practice and Instructions</u>, § 12.05 (6th ed.).

INSTRUCTION NO. 6

**JURY'S RECOLLECTION CONTROLS**

IF ANY REFERENCE BY THE COURT OR BY COUNSEL TO MATTERS OF TESTIMONY OR EXHIBITS DOES NOT COINCIDE WITH YOUR OWN RECOLLECTION OF THAT EVIDENCE, IT IS YOUR RECOLLECTION WHICH SHOULD CONTROL DURING YOUR DELIBERATIONS AND NOT THE STATEMENTS OF THE COURT OR OF COUNSEL.

YOU ARE THE SOLE JUDGES OF THE EVIDENCE RECEIVED IN THIS CASE.

AUTHORITY: 1A O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 12.07 (6th ed.).

INSTRUCTION NO. 7

**<u>THE QUESTION IS NOT EVIDENCE</u>**

THE QUESTIONS ASKED BY A LAWYER FOR EITHER PARTY TO THIS CASE ARE NOT EVIDENCE. IF A LAWYER ASKS A QUESTION OF A WITNESS WHICH CONTAINS AN ASSERTION OF FACT, THEREFORE, YOU MAY NOT CONSIDER THE ASSERTION BY THE LAWYER AS ANY EVIDENCE OF THAT FACT. ONLY THE ANSWERS ARE EVIDENCE.

<u>AUTHORITY</u>: 1A O'Malley, Grenig and Lee, <u>Federal Jury Practice and Instructions</u>, § 12.08 (6th ed.).

INSTRUCTION NO. 8

**CONSIDER EACH COUNT SEPARATELY**

A SEPARATE CRIME IS CHARGED IN EACH COUNT OF THE INDICTMENT. EACH CHARGE, AND THE EVIDENCE PERTAINING TO IT, SHOULD BE CONSIDERED SEPARATELY BY THE JURY. THE FACT THAT YOU MAY FIND THE DEFENDANT GUILTY OR NOT GUILTY AS TO ONE OF THE COUNTS SHOULD NOT CONTROL YOUR VERDICT AS TO ANY OTHER COUNT.

AUTHORITY: 1A O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 12.12 (6th ed.).

INSTRUCTION NO. 9

**PRESUMPTION OF INNOCENCE, BURDEN OF PROOF– REASONABLE DOUBT**

THE LAW PRESUMES A DEFENDANT TO BE INNOCENT OF CRIME. THUS, THE DEFENDANT, ALTHOUGH ACCUSED OF CRIMES IN THE INDICTMENT, BEGINS THE TRIAL WITH A "CLEAN SLATE" - WITH NO EVIDENCE AGAINST HIM. THE LAW PERMITS NOTHING BUT LEGAL EVIDENCE PRESENTED BEFORE THE JURY IN COURT TO BE CONSIDERED IN SUPPORT OF ANY CHARGE AGAINST THE DEFENDANT. THE PRESUMPTION OF INNOCENCE ALONE, THEREFORE, IS SUFFICIENT TO ACQUIT THE DEFENDANT, UNLESS THE JURORS ARE SATISFIED BEYOND A REASONABLE DOUBT OF THE DEFENDANT'S GUILT AFTER CAREFUL AND IMPARTIAL CONSIDERATION OF ALL THE EVIDENCE IN THE CASE.

IT IS NOT REQUIRED THAT THE GOVERNMENT PROVE GUILT BEYOND ALL POSSIBLE DOUBT. THE TEST IS ONE OF REASONABLE DOUBT.

THE JURY WILL REMEMBER THAT A DEFENDANT IS NEVER TO BE CONVICTED ON MERE SUSPICION OR CONJECTURE.

THE BURDEN OF PROOF IS UPON THE PROSECUTION TO PROVE GUILT BEYOND A REASONABLE DOUBT. THIS BURDEN NEVER SHIFTS TO A DEFENDANT FOR THE LAW NEVER IMPOSES UPON A DEFENDANT IN A CRIMINAL CASE THE BURDEN OR DUTY OF CALLING ANY WITNESSES OR PRODUCING ANY EVIDENCE. THE DEFENDANT IS NOT EVEN OBLIGATED TO PRODUCE ANY EVIDENCE BY CROSS-EXAMINING THE WITNESSES FOR THE GOVERNMENT.

SO IF THE JURY, AFTER CAREFUL AND IMPARTIAL CONSIDERATION OF ALL

THE EVIDENCE IN THE CASE, HAS A REASONABLE DOUBT THAT THE DEFENDANT

IS GUILTY OF A CHARGE, IT MUST ACQUIT.

AUTHORITY: 1A O'Malley, Grenig and Lee, <u>Federal Jury Practice and Instructions</u>, § 12.10 (6th ed.), amended to conform with present state of law that no specific definition of reasonable doubt be given, *United States v. Reives*, 15 F.3d 42, 45 (4th Cir.1994); *United States v. Headspeth*, 852 F.2d 753, 755 (4th Cir. 1988); *United States v. Porter*, 821 F.2d 968, 972 (4th Cir. 1987); *United States v. Valezquez*, 847 F.2d 140, 142-43 (4th Cir. 1988); *United States v. Woods*, 812 F.2d 1483, 1487 (4th Cir. 1987); *United States v. Love*, 767 F.2d 1052, 1060 (4th Cir. 1985); *United States v. Moss*, 756 F.2d 329 (4th Cir. 1985).

## OBJECTIONS AND RULINGS

TESTIMONY AND/OR AN EXHIBIT CAN BE ADMITTED INTO EVIDENCE DURING A TRIAL ONLY IF IT MEETS CERTAIN CRITERIA OR STANDARDS. IT IS THE SWORN DUTY OF THE ATTORNEY ON EACH SIDE OF THE CASE TO OBJECT WHEN THE OTHER SIDE OFFERS TESTIMONY OR AN EXHIBIT WHICH THAT ATTORNEY BELIEVES IS NOT PROPERLY ADMISSIBLE UNDER THE RULES OF LAW. ONLY BY RAISING AN OBJECTION CAN A LAWYER REQUEST AND THEN OBTAIN A RULING FROM THE COURT ON THE ADMISSIBILITY OF THE EVIDENCE BEING OFFERED BY THE OTHER SIDE. YOU SHOULD NOT BE INFLUENCED AGAINST AN ATTORNEY OR HIS OR HER CLIENT BECAUSE THE ATTORNEY HAS MADE AN OBJECTION.

DO NOT ATTEMPT, MOREOVER, TO INTERPRET MY RULINGS ON OBJECTIONS AS SOMEHOW INDICATING HOW I THINK YOU SHOULD DECIDE THIS CASE. I AM SIMPLY MAKING A RULING ON A LEGAL QUESTION REGARDING THAT PARTICULAR PIECE OF TESTIMONY OR EXHIBIT.

AUTHORITY: 1A O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 11.03 (6th ed.).

INSTRUCTION NO. 11

**COURT'S QUESTIONS TO WITNESSES**

DURING THE COURSE OF A TRIAL, I MAY OCCASIONALLY ASK QUESTIONS OF A WITNESS. DO NOT ASSUME THAT I HOLD ANY OPINION ON THE MATTERS TO WHICH MY QUESTIONS MAY RELATE. THE COURT MAY ASK A QUESTION SIMPLY TO CLARIFY A MATTER - NOT TO HELP ONE SIDE OF THE CASE OR HURT THE OTHER SIDE.

REMEMBER AT ALL TIMES THAT YOU, AS JURORS, ARE THE SOLE JUDGES OF THE FACTS OF THIS CASE.

AUTHORITY: 1A O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 11.05 (6th ed.).

INSTRUCTION NO. 12

**COURT'S COMMENTS ON CERTAIN EVIDENCE**

THE LAW OF THE UNITED STATES PERMITS A FEDERAL JUDGE TO COMMENT TO THE JURY ON THE EVIDENCE IN A CASE. SUCH COMMENTS ARE, HOWEVER, ONLY EXPRESSIONS OF MY OPINION AS TO THE FACTS AND THE JURY MAY DISREGARD THEM ENTIRELY. YOU, AS JURORS, ARE THE SOLE JUDGES OF THE FACTS IN THIS CASE. IT IS YOUR RECOLLECTION AND EVALUATION OF THE EVIDENCE THAT IS IMPORTANT TO THE VERDICT IN THIS CASE.

ALTHOUGH YOU MUST FOLLOW THE COURT'S INSTRUCTIONS CONCERNING THE LAW APPLICABLE TO THIS CASE, YOU ARE TOTALLY FREE TO ACCEPT OR REJECT MY OBSERVATIONS CONCERNING THE EVIDENCE RECEIVED IN THE CASE.

AUTHORITY: 1A O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 11.06 (6th ed.).

INSTRUCTION NO. 13

**<u>THE INDICTMENT IS NOT EVIDENCE</u>**

AN INDICTMENT IS ONLY A FORMAL METHOD USED BY THE GOVERNMENT TO ACCUSE A DEFENDANT OF A CRIME. IT IS NOT EVIDENCE OF ANY KIND AGAINST THE DEFENDANT. THE DEFENDANT IS PRESUMED TO BE INNOCENT OF THE CRIMES CHARGED. EVEN THOUGH THIS INDICTMENT HAS BEEN RETURNED AGAINST THE DEFENDANT, THE DEFENDANT BEGINS THIS TRIAL WITH ABSOLUTELY NO EVIDENCE AGAINST HIM.

THE DEFENDANT HAS PLED "NOT GUILTY" TO THIS INDICTMENT AND, THEREFORE, DENIES THAT HE IS GUILTY OF THE CHARGES.

<u>AUTHORITY</u>: 1A O'Malley, Grenig and Lee, <u>Federal Jury Practice and Instructions</u>, § 13.04 (6th ed.).

**OPINION EVIDENCE–THE EXPERT WITNESS**

THE RULES OF EVIDENCE ORDINARILY DO NOT PERMIT WITNESSES TO TESTIFY AS TO THEIR OWN OPINIONS OR THEIR OWN CONCLUSIONS ABOUT IMPORTANT QUESTIONS IN A TRIAL.  AN EXCEPTION TO THIS RULE EXISTS AS TO THOSE PERSONS WHO ARE DESCRIBED AS "EXPERT WITNESSES."  AN "EXPERT WITNESS" IS SOMEONE WHO, BY EDUCATION OR BY EXPERIENCE, MAY HAVE BECOME KNOWLEDGEABLE IN SOME TECHNICAL, SCIENTIFIC, OR VERY SPECIALIZED AREA.  IF SUCH KNOWLEDGE OR EXPERIENCE MAY BE OF ASSISTANCE TO YOU IN UNDERSTANDING SOME OF THE EVIDENCE OR IN DETERMINING A FACT, AN "EXPERT WITNESS" IN THAT AREA MAY STATE AN OPINION AS TO A MATTER IN WHICH HE OR SHE CLAIMS TO BE AN EXPERT.

YOU SHOULD CONSIDER EACH EXPERT OPINION RECEIVED IN EVIDENCE IN THIS CASE AND GIVE IT SUCH WEIGHT, IF ANY, AS YOU MAY THINK IT DESERVES. YOU SHOULD CONSIDER THE TESTIMONY OF EXPERT WITNESSES JUST AS YOU CONSIDER OTHER EVIDENCE IN THIS CASE.  IF YOU SHOULD DECIDE THAT THE OPINION OF AN EXPERT WITNESS IS NOT BASED UPON SUFFICIENT EDUCATION OR EXPERIENCE, OR IF YOU SHOULD CONCLUDE THAT THE REASONS GIVEN IN SUPPORT OF THE OPINION ARE NOT SOUND, OR IF YOU SHOULD CONCLUDE THAT THE OPINION IS OUTWEIGHED BY OTHER EVIDENCE, YOU MAY DISREGARD THE OPINION IN PART OR IN ITS ENTIRETY.

AS I HAVE TOLD YOU SEVERAL TIMES, YOU - THE JURY - ARE THE SOLE JUDGES OF THE FACTS OF THIS CASE.

AUTHORITY: 1A O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 14.01 (6th ed.).

INSTRUCTION NO. 15

**<u>CREDIBILITY OF WITNESSES–GENERALLY</u>**

YOU, AS JURORS, ARE THE SOLE AND EXCLUSIVE JUDGES OF THE CREDIBILITY OF EACH OF THE WITNESSES CALLED TO TESTIFY IN THIS CASE AND ONLY YOU DETERMINE THE IMPORTANCE OR THE WEIGHT, IF ANY, THAT THEIR TESTIMONY DESERVES. AFTER MAKING YOUR ASSESSMENT CONCERNING THE CREDIBILITY OF A WITNESS, YOU MAY DECIDE TO BELIEVE ALL OF THAT WITNESS' TESTIMONY, ONLY A PORTION OF IT, OR NONE OF IT.

IN MAKING YOUR ASSESSMENT OF THAT WITNESS YOU SHOULD CAREFULLY SCRUTINIZE ALL OF THE TESTIMONY GIVEN BY THAT WITNESS, THE CIRCUMSTANCES UNDER WHICH EACH WITNESS HAS TESTIFIED, AND ALL OF THE OTHER EVIDENCE WHICH TENDS TO SHOW WHETHER A WITNESS, IN YOUR OPINION, IS WORTHY OF BELIEF. CONSIDER EACH WITNESS'S INTELLIGENCE, MOTIVE TO FALSIFY, STATE OF MIND, AND APPEARANCE AND MANNER WHILE ON THE WITNESS STAND. CONSIDER THE WITNESS'S ABILITY TO OBSERVE THE MATTERS AS TO WHICH HE OR SHE HAS TESTIFIED AND CONSIDER WHETHER HE OR SHE IMPRESSES YOU AS HAVING AN ACCURATE MEMORY OR RECOLLECTION OF THESE MATTERS. CONSIDER ALSO ANY RELATION A WITNESS MAY BEAR TO EITHER SIDE OF THE CASE, THE MANNER IN WHICH EACH WITNESS MIGHT BE AFFECTED BY YOUR VERDICT, AND THE EXTENT TO WHICH, IF AT ALL, EACH WITNESS IS EITHER SUPPORTED OR CONTRADICTED BY OTHER EVIDENCE IN THE CASE.

INCONSISTENCIES OR DISCREPANCIES IN THE TESTIMONY OF A WITNESS OR BETWEEN THE TESTIMONY OF DIFFERENT WITNESSES MAY OR MAY NOT

CAUSE YOU TO DISBELIEVE OR DISCREDIT SUCH TESTIMONY. TWO OR MORE PERSONS WITNESSING AN INCIDENT OR A TRANSACTION MAY SIMPLY SEE OR HEAR IT DIFFERENTLY. INNOCENT MISRECOLLECTION, LIKE FAILURE OF RECOLLECTION, IS NOT AN UNCOMMON HUMAN EXPERIENCE. IN WEIGHING THE EFFECT OF A DISCREPANCY, HOWEVER, ALWAYS CONSIDER WHETHER IT PERTAINS TO A MATTER OF IMPORTANCE OR AN INSIGNIFICANT DETAIL AND CONSIDER WHETHER THE DISCREPANCY RESULTS FROM INNOCENT ERROR OR FROM INTENTIONAL FALSEHOOD.

AFTER MAKING YOUR OWN JUDGMENT OR ASSESSMENT CONCERNING THE BELIEVABILITY OF A WITNESS, YOU CAN THEN ATTACH SUCH IMPORTANCE OR WEIGHT TO THAT TESTIMONY, IF ANY, THAT YOU FEEL IT DESERVES. YOU WILL THEN BE IN A POSITION TO DECIDE WHETHER THE GOVERNMENT HAS PROVEN THE CHARGES BEYOND A REASONABLE DOUBT.

AUTHORITY: 1A O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 15.01 (6th ed.).

INSTRUCTION NO. 16

## **CREDIBILITY OF WITNESSES - THE DEFENDANT AS A WITNESS**

YOU SHOULD JUDGE THE TESTIMONY OF THE DEFENDANT IN THE SAME

MANNER AS YOU JUDGE THE TESTIMONY OF ANY OTHER WITNESS IN THIS CASE.

AUTHORITY: 1A O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 15.12 (6th ed.).

INSTRUCTION NO. 17

**EFFECT OF A DEFENDANT'S FAILURE TO TESTIFY**

THE DEFENDANT IN A CRIMINAL CASE HAS AN ABSOLUTE RIGHT UNDER OUR CONSTITUTION NOT TO TESTIFY.

THE FACT THAT A DEFENDANT DID NOT TESTIFY MUST NOT BE DISCUSSED OR CONSIDERED IN ANY WAY WHEN DELIBERATING AND IN ARRIVING AT YOUR VERDICT. NO INFERENCE OF ANY KIND MAY BE DRAWN FROM THE FACT THAT A DEFENDANT DECIDED TO EXERCISE HIS OR HER PRIVILEGE UNDER THE CONSTITUTION AND DID NOT TESTIFY.

AS STATED BEFORE, THE LAW NEVER IMPOSES UPON A DEFENDANT IN A CRIMINAL CASE THE BURDEN OR DUTY OF CALLING ANY WITNESSES OR OF PRODUCING ANY EVIDENCE.

AUTHORITY: 1A O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 15.14 (6th ed.).

INSTRUCTION NO. 18

**"ON OR ABOUT"– EXPLAINED**

THE INDICTMENT CHARGES THAT THE OFFENSES WERE COMMITTED "ON OR ABOUT" A CERTAIN DATE.

ALTHOUGH IT IS NECESSARY FOR THE GOVERNMENT TO PROVE BEYOND A REASONABLE DOUBT THAT THE OFFENSES WERE COMMITTED ON A DATE REASONABLY NEAR THE DATE ALLEGED, IT IS NOT NECESSARY FOR THE GOVERNMENT TO PROVE THAT THE OFFENSE WAS COMMITTED PRECISELY ON THE DATE CHARGED.

AUTHORITY: 1A O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 13.05 (6th ed.) (modified).

INSTRUCTION NO. 19

**"KNOWINGLY"– DEFINED**

THE TERM "KNOWINGLY," AS USED IN THESE INSTRUCTIONS TO DESCRIBE THE ALLEGED STATE OF MIND OF THE DEFENDANT, MEANS THAT HE WAS CONSCIOUS AND AWARE OF HIS ACTIONS, REALIZED WHAT HE WAS DOING OR WHAT WAS HAPPENING AROUND HIM, AND DID NOT ACT BECAUSE OF IGNORANCE, MISTAKE OR ACCIDENT.

AUTHORITY: 1A O'Malley, Grenig and Lee, <u>Federal Jury Practice and Instructions</u>, § 17.04 (6th ed.).

INSTRUCTION NO. 20

**<u>PROOF OF KNOWLEDGE OR INTENT</u>**

THE INTENT OF A PERSON OR THE KNOWLEDGE THAT A PERSON POSSESSES AT ANY GIVEN TIME MAY NOT ORDINARILY BE PROVED DIRECTLY BECAUSE THERE IS NO WAY OF DIRECTLY SCRUTINIZING THE WORKINGS OF THE HUMAN MIND. IN DETERMINING THE ISSUE OF WHAT A PERSON KNEW OR WHAT A PERSON INTENDED AT A PARTICULAR TIME, YOU MAY CONSIDER ANY STATEMENTS MADE OR ACTS DONE BY THAT PERSON AND ALL OTHER FACTS AND CIRCUMSTANCES RECEIVED IN EVIDENCE WHICH MAY AID IN YOUR DETERMINATION OF THAT PERSON'S KNOWLEDGE OR INTENT.

YOU MAY INFER, BUT YOU ARE CERTAINLY NOT REQUIRED TO INFER, THAT A PERSON INTENDS THE NATURAL AND PROBABLE CONSEQUENCES OF ACTS KNOWINGLY DONE OR KNOWINGLY OMITTED. IT IS ENTIRELY UP TO YOU, HOWEVER, TO DECIDE WHAT FACTS TO FIND FROM THE EVIDENCE RECEIVED DURING THIS TRIAL.

<u>AUTHORITY</u>: 1A O'Malley, Grenig and Lee, <u>Federal Jury Practice and Instructions</u>, § 17.07 (6th ed.).

INSTRUCTION NO. 21

## <u>THE NATURE OF THE OFFENSE CHARGED–COUNT ONE</u>

COUNT ONE OF THE INDICTMENT CHARGES THAT ON OR ABOUT OCTOBER

9, 2017, WITHIN THE EASTERN DISTRICT OF VIRGINIA, THE DEFENDANT,

DESMOND LITTLEJOHN, KNOWINGLY AND UNLAWFULLY COMBINED,

CONSPIRED, CONFEDERATED AND AGREED WITH OTHERS, BOTH KNOWN AND

UNKNOWN TO THE GRAND JURY, TO KNOWINGLY AND UNLAWFULLY

OBSTRUCT, DELAY AND AFFECT COMMERCE BY MEANS OF ROBBERY IN

VIOLATION OF TITLE 18, UNITED STATES CODE, SECTION 1951(a).

THE PURPOSE OF THE CONSPIRACY WAS TO OBTAIN UNITED STATES

CURRENCY FROM MAC'S RELOADS, A FEDERAL FIREARM LICENSEE

(HEREINAFTER--FFL), AND ITS OWNER AND EMPLOYEE, IN VIRGINIA BEACH,

WITHIN THE EASTERN DISTRICT OF VIRGINIA, BY MEANS OF ROBBERY

<u>AUTHORITY</u>:   Indictment.

INSTRUCTION NO. 22

## THE STATUTE DEFINING THE OFFENSE CHARGED–COUNT ONE

TITLE 18, UNITED STATES CODE, SECTION 1951, MAKES IT A CRIME FOR ANYONE TO CONSPIRE WITH SOMEONE ELSE TO INTERFERE WITH COMMERCE BY THREATS OR VIOLENCE.   IN THIS CASE, THE DEFENDANT IS CHARGED WITH CONSPIRING TO INTERFERE WITH COMMERCE BY MEANS OF ROBBERY.

TITLE 18, UNITED STATES CODE, SECTION 1951, PROVIDES IN PART, THAT:

"(a) WHOEVER . . . OBSTRUCTS, DELAYS, OR AFFECTS COMMERCE . . .

BY ROBBERY … OR ATTEMPTS OR CONSPIRES SO TO DO. . ."

SHALL BE GUILTY OF AN OFFENSE AGAINST THE UNITED STATES.

AUTHORITY:   Title 18, United States Code, § 1951(a); 3 Modern Federal Jury Instructions-Criminal P 50-02 (2018).

INSTRUCTION NO. 23

## THE ESSENTIAL ELEMENTS OF THE OFFENSE CHARGED–COUNT ONE

IN ORDER TO SUSTAIN ITS BURDEN OF PROOF FOR THE CRIME OF

CONSPIRING TO OBSTRUCT, DELAY, OR AFFECT INTERSTATE COMMERCE BY

ROBBERY AS CHARGED IN COUNT ONE OF THE INDICTMENT, THE

GOVERNMENT MUST PROVE THE FOLLOWING THREE (3) ESSENTIAL ELEMENTS

BEYOND A REASONABLE DOUBT

> ONE:  THAT THE DEFENDANT, DIRECTLY OR INDIRECTLY, AGREED WITH HIS CO-CONSPIRATOR(S)TO OBSTRUCT, DELAY OR AFFECT COMMERCE BY ROBBERY AS DESCRIBED IN COUNT ONE OF THE INDICTMENT;
>
> TWO:  THAT THE DEFENDANT KNEW OF THE UNLAWFUL PURPOSE OF THE AGREEMENT; AND
>
> THREE: THAT THE DEFENDANT JOINED THE AGREEMENT WILLFULLY, THAT IS, WITH THE INTENT TO FURTHER ITS UNLAWFUL PURPOSE.

AUTHORITY: 1A O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 31.03 (6th ed.)(modified) ; *United States v. To*, 144 F.3d 737, 747-48 (11th Cir. 1998) (quoted in *United States v. Carr*, (4th Cir. 2008)(unpublished) 2008 WL 80203))

**CONSPIRACY–EXISTENCE OF AN AGREEMENT**

A CRIMINAL CONSPIRACY IS AN AGREEMENT OR A MUTUAL UNDERSTANDING KNOWINGLY MADE OR KNOWINGLY ENTERED INTO BY AT LEAST TWO PEOPLE TO VIOLATE THE LAW BY SOME JOINT OR COMMON PLAN OR COURSE OF ACTION.   A CONSPIRACY IS, IN A VERY TRUE SENSE, A PARTNERSHIP IN CRIME.

A CONSPIRACY OR AGREEMENT TO VIOLATE THE LAW, LIKE ANY OTHER KIND OF AGREEMENT OR UNDERSTANDING, NEED NOT BE FORMAL, WRITTEN, OR EVEN EXPRESSED DIRECTLY IN EVERY DETAIL.

TO PROVE THE EXISTENCE OF A CONSPIRACY OR AN ILLEGAL AGREEMENT, THE GOVERNMENT IS NOT REQUIRED TO PRODUCE A WRITTEN CONTRACT BETWEEN THE PARTIES OR EVEN PRODUCE EVIDENCE OF AN EXPRESS ORAL AGREEMENT SPELLING OUT ALL OF THE DETAILS OF THE UNDERSTANDING.   TO PROVE THAT A CONSPIRACY EXISTED, MOREOVER, THE GOVERNMENT IS NOT REQUIRED TO SHOW THAT ALL OF THE PEOPLE NAMED IN THE INDICTMENT AS MEMBERS OF THE CONSPIRACY WERE, IN FACT, PARTIES TO THE AGREEMENT, OR THAT ALL OF THE MEMBERS OF THE ALLEGED CONSPIRACY WERE NAMED OR CHARGED, OR THAT ALL OF THE PEOPLE WHOM THE EVIDENCE SHOWS WERE ACTUALLY MEMBERS OF A CONSPIRACY AGREED TO ALL OF THE MEANS OR METHODS SET OUT IN THE INDICTMENT.

THE GOVERNMENT MUST PROVE THAT THE DEFENDANT AND AT LEAST ONE OTHER PERSON KNOWINGLY AND DELIBERATELY ARRIVED AT SOME TYPE

OF AGREEMENT OR UNDERSTANDING THAT THEY, AND PERHAPS OTHERS,

WOULD VIOLATE THE LAW BY MEANS OF SOME COMMON PLAN OR COURSE OF

ACTION AS ALLEGED IN COUNT ONE OF THE INDICTMENT.   IT IS PROOF OF THIS

CONSCIOUS UNDERSTANDING AND DELIBERATE AGREEMENT BY THE ALLEGED

MEMBERS THAT SHOULD BE CENTRAL TO YOUR CONSIDERATION OF THE

CHARGE OF CONSPIRACY.

UNLESS THE GOVERNMENT PROVES BEYOND A REASONABLE DOUBT

THAT A CONSPIRACY, AS JUST EXPLAINED, ACTUALLY EXISTED, THEN YOU

MUST ACQUIT THE DEFENDANT.

AUTHORITY: 2 O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 31.04
(6th ed.).

**CONSPIRACY–MEMBERSHIP IN AN AGREEMENT**

BEFORE THE JURY MAY FIND THAT THE DEFENDANT BECAME A MEMBER OF THE CONSPIRACY TO INTERFERE WITH COMMERCE BY MEANS OF ROBBERY, AS CHARGED IN COUNT ONE OF THE INDICTMENT, THE EVIDENCE IN THE CASE MUST SHOW BEYOND A REASONABLE DOUBT THAT THE DEFENDANT KNEW THE PURPOSE OR GOAL OF THE AGREEMENT OR UNDERSTANDING AND DELIBERATELY ENTERED INTO THE AGREEMENT INTENDING, IN SOME WAY, TO ACCOMPLISH THE GOAL OR PURPOSE BY THIS COMMON PLAN OR JOINT ACTION.

IF THE EVIDENCE ESTABLISHES BEYOND A REASONABLE DOUBT THAT THE DEFENDANT KNOWINGLY AND DELIBERATELY ENTERED INTO AN AGREEMENT TO INTERFERE WITH COMMERCE BY MEANS OF ROBBERY, AS ALLEGED IN COUNT ONE OF THE INDICTMENT, THE FACT THAT THE DEFENDANT DID NOT JOIN THE AGREEMENT AT ITS BEGINNING, OR DID NOT KNOW ALL OF THE DETAILS OF THE AGREEMENT, OR DID NOT PARTICIPATE IN EACH ACT OF THE AGREEMENT, OR DID NOT PLAY A MAJOR ROLE IN ACCOMPLISHING THE UNLAWFUL GOAL IS NOT IMPORTANT TO YOUR DECISION REGARDING MEMBERSHIP IN THE CONSPIRACY.

MERELY ASSOCIATING WITH OTHERS AND DISCUSSING COMMON GOALS, MERE SIMILARITY OF CONDUCT BETWEEN OR AMONG SUCH PERSONS, MERELY

BEING PRESENT AT THE PLACE WHERE A CRIME TAKES PLACE OR IS DISCUSSED, OR EVEN KNOWING ABOUT CRIMINAL CONDUCT DOES NOT, OF ITSELF, MAKE SOMEONE A MEMBER OF THE CONSPIRACY OR A CONSPIRATOR.

AUTHORITY: 2 O'Malley, Grenig and Lee, <u>Federal Jury Practice and Instructions</u>, § 31.05 (6th ed.).

INSTRUCTION NO. 26

**ACTS AND DECLARATIONS OF CO-CONSPIRATORS**

EVIDENCE HAS BEEN RECEIVED IN THIS CASE THAT CERTAIN PERSONS,

OTHER THAN THE DEFENDANT, WERE MEMBERS OF THE CHARGED CONSPIRACY

AND HAVE DONE OR SAID THINGS DURING THE EXISTENCE OR LIFE OF THE

ALLEGED CONSPIRACY IN ORDER TO FURTHER OR ADVANCE ITS GOALS.

SUCH ACTS AND STATEMENTS OF THESE OTHER INDIVIDUALS MAY BE

CONSIDERED BY YOU IN DETERMINING WHETHER OR NOT THE GOVERNMENT HAS

PROVEN THE CONSPIRACY CHARGE AGAINST THE DEFENDANT.

SINCE THESE ACTS MAY HAVE BEEN PERFORMED AND THESE STATEMENTS

MAY HAVE BEEN MADE OUTSIDE THE PRESENCE OF THE DEFENDANT AND EVEN

DONE OR SAID WITHOUT THE DEFENDANT'S KNOWLEDGE, THESE ACTS OR

STATEMENTS SHOULD BE EXAMINED WITH PARTICULAR CARE BY YOU BEFORE

CONSIDERING THEM AGAINST THE DEFENDANT WHO DID NOT DO THE PARTICULAR

ACT OR MAKE THE PARTICULAR STATEMENT.

ACTS DONE OR STATEMENTS MADE BY AN ALLEGED CO-CONSPIRATOR

BEFORE THE DEFENDANT JOINED A CONSPIRACY MAY ALSO BE CONSIDERED BY

YOU IN DETERMINING WHETHER THE GOVERNMENT HAS SUSTAINED ITS BURDEN

OF PROOF IN THE INDICTMENT. ACTS DONE OR STATEMENTS MADE BEFORE AN

ALLEGED CONSPIRACY BEGAN OR AFTER AN ALLEGED CONSPIRACY ENDED,

HOWEVER, MAY ONLY BE CONSIDERED BY YOU REGARDING THE PERSON WHO

PERFORMED THAT ACT OR MADE THAT STATEMENT.

AUTHORITY: 2 O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 31.06 (6th ed.).

INSTRUCTION NO. 27

**CIRCUMSTANTIAL EVIDENCE – CONSPIRACY CASES**

THE INFORMAL AGREEMENT PRESENT IN CONSPIRACY CASES MUST

FREQUENTLY BE PROVED ENTIRELY BY CIRCUMSTANTIAL EVIDENCE.   THE

ABSENCE OF DIRECT PROOF OF AN AGREEMENT GENERALLY RESULTS FROM

THE SECRETIVENESS AND COMPLEXITY OF MODERN DAY CONSPIRACIES.

AUTHORITY:   *See generally, United States v. Geaney*, 417 F.2d 1116 (2d Cir. 1969); *King v. United States*, 402 F.2d 289 (10th Cir. 1968); *Madsen v. United States*, 165 F.2d 507, 511 (10th Cir. 1948).

INSTRUCTION NO. 28

**"OVERT ACT"– DEFINED**

THE TERM "OVERT ACT" MEANS SOME TYPE OF OUTWARD, OBJECTIVE

ACTION PERFORMED BY ONE OF THE PARTIES TO, OR ONE OF THE MEMBERS OF,

THE AGREEMENT OR CONSPIRACY WHICH EVIDENCES THAT AGREEMENT.

THE OVERT ACT MAY, BUT FOR THE ALLEGED ILLEGAL AGREEMENT,

APPEAR TOTALLY INNOCENT AND LEGAL.

AUTHORITY:   2 O'Malley, Grenig and Lee, <u>Federal Jury Practice and Instructions</u>, § 31.07 (6th ed.) (modified).

INSTRUCTION NO. 29

**<u>SUCCESS OF CONSPIRACY IMMATERIAL</u>**

THE GOVERNMENT IS NOT REQUIRED TO PROVE THAT THE PARTIES TO OR

MEMBERS OF THE AGREEMENT OR CONSPIRACY WERE SUCCESSFUL IN

ACHIEVING ANY OR ALL OF THE OBJECTS OF THE AGREEMENT OR CONSPIRACY.

AUTHORITY:   2 O'Malley, Grenig and Lee, <u>Federal Jury Practice and Instructions</u>, § 31.08 (6th ed.).

INSTRUCTION NO. 30

**THE NATURE OF THE OFFENSE CHARGED – COUNT TWO**

COUNT TWO OF THE INDICTMENT CHARGES THAT ON OR ABOUT OCTOBER 9, 2017, IN VIRGINIA BEACH, WITHIN THE EASTERN DISTRICT OF VIRGINIA, THE DEFENDANT, DESMOND LITTLEJOHN, DID UNLAWFULLY OBSTRUCT, DELAY AND AFFECT COMMERCE, AS THAT TERM IS DEFINED IN TITLE 18, UNITED STATES CODE, SECTION 1951, AND THE MOVEMENT OF ARTICLES AND COMMODITIES IN SUCH COMMERCE, BY ROBBERY AS THAT TERM IS DEFINED IN TITLE 18, UNITED STATES CODE, SECTION 1951, IN THAT THE DEFENDANT, DID UNLAWFULLY TAKE AND OBTAIN PERSONAL PROPERTY CONSISTING OF U.S. CURRENCY (APPROXIMATELY $9000.00) BELONGING TO MAC'S RELOADS, AN FFL, LOCATED ON KILT STREET, FROM THE PERSON OF AND IN THE PRESENCE OF THE OWNER AND AN EMPLOYEE, AGAINST THE OWNER'S AND EMPLOYEE'S WILL BY MEANS OF ACTUAL AND THREATENED FORCE, VIOLENCE, AND FEAR OF INJURY, IMMEDIATE AND FUTURE, TO SAID OWNER'S AND EMPLOYEE'S PERSON IN VIOLATION OF TITLE 18, UNITED STATES CODE, SECTIONS 1951(a) and 2.

AUTHORITY:  Indictment.

## THE STATUTE DEFINING THE OFFENSE CHARGED – COUNT TWO

SECTION 1951 OF TITLE 18 OF THE UNITED STATES CODE PROVIDES, IN

PART, THAT:

WHOEVER IN ANY WAY OR DEGREE OBSTRUCTS, DELAYS, OR

AFFECTS COMMERCE OR THE MOVEMENT OF ANY ARTICLE OR

COMMODITY IN COMMERCE, BY ROBBERY . . . OR ATTEMPTS OR

CONSPIRES SO TO DO, OR COMMITS OR THREATENS PHYSICAL

VIOLENCE TO ANY PERSON. . . IN FURTHERANCE OF A PLAN OR

PURPOSE TO DO ANYTHING IN VIOLATION OF THIS SECTION

SHALL BE GUILTY OF AN OFFENSE AGAINST THE UNITED STATES.

AUTHORITY:   18 U.S.C. § 1951(a); 2A O'Malley, Grenig and Lee, <u>Federal Jury Practice and</u> <u>Instructions</u>, § 53.02 (6th ed.).

INSTRUCTION NO. 32

## THE ESSENTIAL ELEMENTS OF THE OFFENSE CHARGED – COUNT TWO

IN ORDER TO SUSTAIN ITS BURDEN OF PROOF FOR THE CRIME OF INTERFERENCE WITH COMMERCE BY ROBBERY AS CHARGED IN COUNT TWO OF THE INDICTMENT, THE GOVERNMENT MUST PROVE THE FOLLOWING THREE (3) ESSENTIAL ELEMENTS BEYOND A REASONABLE DOUBT:

**ONE**:   THAT THE DEFENDANT INDUCED THE VICTIM ALLEGED IN THE INDICTMENT TO PART WITH THE PROPERTY DESCRIBED IN THE INDICTMENT;

**TWO**:   THAT THE DEFENDANT DID SO KNOWINGLY AND DELIBERATELY BY ROBBERY; AND

**THREE**: IN SO ACTING, INTERSTATE COMMERCE WAS OBSTRUCTED, DELAYED, OR AFFECTED.

AUTHORITY:   2A O'Malley, Grenig and Lee, <u>Federal Jury Practice and Instructions</u>, § 53.03 (6th ed.).

INSTRUCTION NO. 33

**AFFECTING INTERSTATE COMMERCE – EXPLAINED**

CONDUCT AFFECTS INTERSTATE COMMERCE IF IT IN ANY WAY INTERFERES WITH OR CHANGES THE MOVEMENT OF GOODS, MERCHANDISE, MONEY OR OTHER PROPERTY IN COMMERCE BETWEEN DIFERENT STATES.   ANY EFFECT ON COMMERCE IS ENOUGH.

THIS INCLUDES OBTAINING MONEY THAT BELONGED TO A BUSINESS WHICH CUSTOMARILY PURCHASED GOODS FROM OUTSIDE THE COMMONWEALTH OF VIRGINIA IF DEFENDANT'S CONDUCT MADE THAT MONEY UNAVAILABLE TO THE BUSINESS FOR THE PURCHASE OF SUCH GOODS OR THE CONDUCTING OF SUCH BUSINESS.

YOU DO NOT HAVE TO DECIDE WHETHER THE EFFECT ON INTERSTATE COMMERCE WAS HARMFUL OR BENEFICIAL TO A PARTICULAR BUSINESS, OR TO COMMERCE IN GENERAL. THE GOVERNMENT SATISFIES ITS BURDEN OF PROVING AN EFFECT ON INTERSTATE COMMERCE IF IT PROVES BEYOND A REASONABLE DOUBT ANY EFFECT, WHETHER IT WAS HARMFUL OR NOT.

IT IS NOT NECESSARY FOR THE GOVERNMENT TO PROVE THAT THE DEFENDANT ACTUALLY INTENDED TO OBSTRUCT, DELAY, OR AFFECT COMMERCE.   THE GOVERNMENT MUST PROVE BEYOND A REASONABLE DOUBT, HOWEVER, THAT THE DEFENDANT DELIBERATELY PERFORMED AN ACT, THE ORDINARY AND NATURAL CONSEQUENCES OF WHICH WOULD BE TO OBSTRUCT, DELAY, OR AFFECT COMMERCE, AND THAT COMMERCE WAS, IN FACT, OBSTRUCTED, DELAYED OR AFFECTED.

AUTHORITY: 2A O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 53.04 (6th ed.) (modified); 2 Modern Federal Jury Instructions – Criminal 17.03 (modified); 6th Circuit Pattern Criminal Jury Instructions; (modified).

INSTRUCTION NO. 34

**"ROBBERY"– DEFINED**

THE TERM "ROBBERY" MEANS THE UNLAWFUL TAKING OR OBTAINING OF PERSONAL PROPERTY FROM THE PERSON OR IN THE PRESENCE OF ANOTHER, AGAINST HIS OR HER WILL, BY MEANS OF ACTUAL OR THREATENED FORCE, OR VIOLENCE, OR FEAR OF INJURY, IMMEDIATE OR FUTURE, TO HIS OR HER PERSON OR PROPERTY, OR PROPERTY IN HIS OR HER CUSTODY OR POSSESSION.

AUTHORITY:   18 U.S.C. § 1951(b)(1); 2A O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 53.05 (6th ed.) (modified).

**"PROPERTY"– DEFINED**

THE TERM "PROPERTY," AS USED IN THESE INSTRUCTIONS, MEANS MONEY OR ANYTHING OF VALUE.

THE TERM "PROPERTY" IS NOT LIMITED TO TANGIBLE, PHYSICAL ITEMS AND INCLUDES THE RIGHT TO CONDUCT A BUSINESS FREE FROM WRONGFUL FORCE, COERCION, OR FEAR.

AUTHORITY:   2A O'Malley, Grenig and Lee, <u>Federal Jury Practice and Instructions</u>, § 53.10 (6th ed.).

INSTRUCTION NO. 36

## **"BY FORCE AND VIOLENCE, OR BY INTIMIDATION" – DEFINED**

THE PHRASE "BY FORCE AND VIOLENCE, OR BY INTIMIDATION" MEANS BY EITHER: ONE, THE USE OF ACTUAL PHYSICAL STRENGTH OR ACTUAL PHYSICAL VIOLENCE OR TWO, DOING SOME ACT OR MAKING SOME STATEMENT TO PUT SOMEONE IN FEAR OF BODILY HARM.

THE "INTIMIDATION" MUST BE CAUSED BY AN ACT KNOWINGLY AND DELIBERATELY DONE OR A STATEMENT KNOWINGLY AND DELIBERATELY MADE BY THE DEFENDANT WHICH WAS DONE OR MADE IN SUCH A MANNER OR UNDER SUCH CIRCUMSTANCES THAT WOULD PRODUCE SUCH A REACTION OR SUCH FEAR OF BODILY HARM IN A REASONABLE PERSON. THE GOVERNMENT NEED NOT PROVE ACTUAL FEAR ON THE PART OF ANY PERSON.

THE GOVERNMENT MUST PROVE BEYOND A REASONABLE DOUBT, HOWEVER, THAT THE DEFENDANT KNOWINGLY AND DELIBERATELY DID SOMETHING OR KNOWINGLY AND DELIBERATELY SAID SOMETHING THAT WOULD CAUSE A REASONABLE PERSON UNDER THOSE CIRCUMSTANCES TO BE FEARFUL OF BODILY HARM.

AUTHORITY:   2B O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 58.04 (6th ed.).

INSTRUCTION NO. 37

**NATURE OF THE OFFENSE CHARGED – COUNT THREE**

COUNT THREE OF THE INDICTMENT CHARGES THAT ON OR ABOUT OCTOBER 9, 2017, IN VIRGINIA BEACH, WITHIN THE EASTERN DISTRICT OF VIRGINIA, THE DEFENDANT DESMOND LITTLEJOHN DID KNOWINGLY AND UNLAWFULLY USE, CARRY AND BRANDISH A FIREARM, DURING AND IN RELATION TO A CRIME OF VIOLENCE FOR WHICH HE MAY BE PROSECUTED IN A COURT OF THE UNITED STATES, NAMELY: INTERFERENCE WITH COMMERCE BY MEANS OF ROBBERY, IN VIOLATION OF TITLE 18, UNITED STATES CODE, SECTIONS 1951(A) AND 2, AS SET FORTH IN COUNT TWO OF THIS INDICTMENT, WHICH DESCRIPTION OF SAID CRIME OF VIOLENCE IS RE-ALLEGED AND INCORPORATED BY REFERENCE AS IF SET FORTH IN FULL HEREIN IN VIOLATION OF TITLE 18, UNITED STATES CODE, SECTIONS 924(c)(1)(A)(ii) and 2.

AUTHORITY:  Indictment.

**THE STATUTE DEFINING THE OFFENSE CHARGED – COUNT THREE**

SECTION 924(c)(1)(A)(ii) OF TITLE 18 OF THE UNITED STATES CODE PROVIDES, IN PERTINENT PART, THAT:

. . . ANY PERSON WHO, DURING AND IN RELATION TO ANY CRIME OF VIOLENCE . . . FOR WHICH THE PERSON MAY BE PROSECUTED IN A COURT OF THE UNITED STATES, USES OR CARRIES [OR BRANDISHES] A FIREARM, . . . SHALL . . .

BE GUILTY OF AN OFFENSE AGAINST THE UNITED STATES.

AUTHORITY:   18 U.S.C. § 924(c)(1)(A)(ii); 2A O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 39.17 (6th ed.) (modified).

INSTRUCTION NO. 39

## THE ESSENTIAL ELEMENTS OF THE OFFENSE CHARGED – COUNT THREE

IN ORDER TO SUSTAIN ITS BURDEN OF PROOF FOR THE CRIME OF USING, CARRYING OR BRANDISHING A FIREARM DURING AND IN RELATION TO A CRIME OF VIOLENCE, AS CHARGED IN COUNT THREE OF THE INDICTMENT, THE GOVERNMENT MUST PROVE THE FOLLOWING THREE (3) ESSENTIAL ELEMENTS BEYOND A REASONABLE DOUBT:

**ONE**:  THAT THE DEFENDANT COMMITTED THE CRIME OF INTERFERENCE WITH COMMERCE BY ROBBERY AS CHARGED IN COUNT TWO OF THE INDICTMENT, FOR WHICH HE MAY BE PROSECUTED IN A COURT OF THE UNITED STATES;

**TWO**:  THAT THE DEFENDANT KNOWINGLY USED OR CARRIED OR BRANDISHED A FIREARM; AND

**THREE**:  THAT THE DEFENDANT'S USE OR CARRYING OR BRANDISHING OF A FIREARM WAS DURING AND IN RELATION TO THE COMMISSION OF THE CRIME OF INTERFERRING WITH COMMERCE BY MEANS OF ROBBERY AS CHARGED IN COUNT TWO OF THE INDICTMENT.

AUTHORITY: 2A O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 39.18 (6th ed.) (modified).

INSTRUCTION NO. 40

**"FIREARM" – DEFINED**

THE TERM "FIREARM" MEANS "(A) ANY WEAPON, (INCLUDING A STARTER GUN), WHICH WILL OR IS DESIGNED TO OR MAY READILY BE CONVERTED TO EXPEL A PROJECTILE BY THE ACTION OF AN EXPLOSIVE; (B) THE FRAME OR RECEIVER OF ANY SUCH WEAPON . . . ."

YOU NEED NOT FIND THAT THE FIREARM WAS LOADED OR THAT IT WAS OPERABLE AT THE TIME OF THE OFFENSE.

AUTHORITY: 2A O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 39.11 (6th ed.) (modified); 2 L. Sand, *et al.*, Modern Federal Jury Instructions, 35-59 (2005); 18 U.S.C. § 921(a)(3); *United States v. Martinez*, 912 F.2d 419, 421 (10th Cir. 1990) (Use of unloaded firearm "falls within the prohibitions of § 924(c)"); *United States v. Munoz-Fabela*, 896 F.2d 908, 911 (5th Cir.), *cert. denied*, 498 U.S. 824 (1990) (Firearm need not be loaded); *United States v. Theodoropoulos*, 886 F.2d 587, 595 n.3 (3d Cir. 1989) (Firearm need not be operable); *United States v. York*, 830 F.2d 885, 891-92 (8th Cir. 1987), *cert. denied*, 484 U.S. 1074 (1988) (Firearm need not be operable); *United States v. Gonzalez*, 800 F.2d 894, 899 (9th Cir. 1986) (Firearm need not be loaded or operable).

# INSTRUCTION NO. 41

## "USES OR CARRIES A FIREARM"–DEFINED

TO "USE" A FIREARM MEANS MORE THAN MERE POSSESSION OF A FIREARM OR HAVING IT AVAILABLE DURING THE CRIME OF VIOLENCE AS ALLEGED IN COUNT TWO OF THE INDICTMENT.  THE GOVERNMENT MUST PROVE THAT THE DEFENDANT ACTIVELY EMPLOYED THE FIREARM IN THE COMMISSION OF COUNT TWO, SUCH AS A USE THAT IS INTENDED TO OR BRINGS ABOUT A CHANGE IN THE CIRCUMSTANCES OF THE COMMISSION OF COUNT ONE.  "ACTIVE EMPLOYMENT" MAY INCLUDE BRANDISHING, DISPLAYING, REFERRING TO, BARTERING, STRIKING WITH, FIRING, OR ATTEMPTING TO FIRE THE FIREARM.  IT MAY ALSO INCLUDE THE MERE MENTION OR DISCLOSURE OF A FIREARM'S PRESENCE IN A MANNER INTENDED TO INTIMIDATE OR INFLUENCE OTHERS.

TO "CARRY" A FIREARM MEANS THAT THE DEFENDANT CARRIED THE FIREARM IN THE ORDINARY MEANING OF THE WORD "CARRY," SUCH AS BY TRANSPORTING A FIREARM ON THE PERSON OR IN A VEHICLE.  THE DEFENDANT'S CARRYING OF THE FIREARM CANNOT BE MERELY COINCIDENTAL OR UNRELATED TO THE CRIME OF VIOLENCE.

IN DETERMINING WHETHER THE DEFENDANT USED OR CARRIED A FIREARM DURING AND IN RELATION TO A CRIME OF VIOLENCE AS CHARGED IN COUNT TWO OF THE INDICTMENT, YOU MAY CONSIDER ALL OF THE FACTORS RECEIVED IN EVIDENCE IN THE CASE, INCLUDING THE NATURE OF THE UNDERLYING CRIME OF VIOLENCE ALLEGED, THE PROXIMITY OF THE DEFENDANT TO THE FIREARM IN QUESTION, THE USEFULNESS OF THE FIREARM

TO THE CRIME ALLEGED, AND THE CIRCUMSTANCES SURROUNDING THE

PRESENCE OF THE FIREARM.

AUTHORITY: 2A O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 39.20 (6th ed.) (modified); Pattern Jury Instructions, Fifth Circuit, Instruction No 2.48 (2012) (modified).

**"BRANDISH"–DEFINED**

THE TERM "BRANDISH" MEANS, WITH RESPECT TO A FIREARM, TO DISPLAY ALL OR PART OF THE FIREARM, OR OTHERWISE MAKE THE PRESENCE OF THE FIREARM KNOWN TO ANOTHER PERSON, IN ORDER TO INTIMIDATE THAT PERSON, REGARDLESS OF WHETHER THE FIREARM IS DIRECTLY VISIBLE TO THAT PERSON.

AUTHORITY:   18 U.S.C. § 924(c)(1)(D)(4).

INSTRUCTION NO. 43

**"TO POSSESS"–DEFINED**

THE PHRASE "TO POSSESS" MEANS TO OWN OR TO EXERCISE CONTROL OR AUTHORITY OVER SOMETHING AT A GIVEN TIME.   THE WORD "POSSESSION" CAN TAKE ON SEVERAL DIFFERENT, BUT RELATED MEANINGS.

THE LAW RECOGNIZES TWO KINDS OF "POSSESSION"–ACTUAL POSSESSION AND CONSTRUCTIVE POSSESSION.   A PERSON WHO KNOWINGLY HAS DIRECT PHYSICAL CONTROL OR AUTHORITY OVER A THING AT A GIVEN TIME IS IN ACTUAL POSSESSION OF IT.

A PERSON WHO, ALTHOUGH NOT IN ACTUAL POSSESSION, KNOWINGLY HAS BOTH THE POWER AND THE INTENTION AT A GIVEN TIME TO EXERCISE DOMINION OR CONTROL OVER A THING, EITHER DIRECTLY OR THROUGH ANOTHER PERSON OR PERSONS, IS IN CONSTRUCTIVE POSSESSION OF IT.

THE LAW ALSO RECOGNIZES THAT "POSSESSION" MAY BE SOLE OR JOINT. IF ONE PERSON ALONE HAS ACTUAL OR CONSTRUCTIVE POSSESSION OF A THING, THEN POSSESSION IS SOLE.   IF TWO OR MORE PERSONS SHARE ACTUAL OR CONSTRUCTIVE POSSESSION OF A THING, THEN POSSESSION IS JOINT.

YOU MAY FIND THAT THE ELEMENT OF "POSSESSION" AS THAT TERM IS USED IN THESE INSTRUCTIONS IS PRESENT IF YOU FIND BEYOND A REASONABLE DOUBT THAT A DEFENDANT HAD ACTUAL OR CONSTRUCTIVE POSSESSION, EITHER ALONE OR JOINTLY WITH OTHERS.

AUTHORITY: 2B O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 64.08 (6th ed.) (modified).

INSTRUCTION NO. 44

**"CRIME OF VIOLENCE" – DEFINED**

THE PHRASE "CRIME OF VIOLENCE," AS USED IN THESE INSTRUCTIONS, MEANS AN OFFENSE THAT IS A FELONY AND HAS AS ONE OF ITS ESSENTIAL ELEMENTS THE USE, ATTEMPTED USE, OR THREATENED USE OF PHYSICAL FORCE AGAINST THE PERSON OR PROPERTY OF ANOTHER, OR AN OFFENSE THAT BY ITS VERY NATURE INVOLVES A SUBSTANTIAL RISK THAT SUCH PHYSICAL FORCE MAY BE USED IN COMMITTING THE OFFENSE.

THE COURT INSTRUCTS YOU AS A MATTER OF LAW, THAT THE OFFENSE OF INTERRING WITH COMMERCE BY MEANS OF ROBBERY, AS CHARGED IN COUNT TWO OF THE INDICTMENT, IS A CRIME OF VIOLENCE.   IT IS SOLEY UP TO THE JURY HOWEVER, TO DETERMINE WHETHER THE DEFENDANT COMMITTED THE CRIME OF INTEFERRING WITH COMMERCE BY MEANS OF ROBBERY.

AUTHORITY: 2A O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 39.19 (6th ed.).

INSTRUCTION NO. 45

**"IN RELATION" TO A CRIME OF VIOLENCE—DEFINED**

THE GOVERNMENT MUST PROVE BEYOND A REASONABLE DOUBT THAT THE FIREARM HAD SOME RELATION TO OR SOME CONNECTION TO THE UNDERLYING CRIME OF VIOLENCE AS ALLEGED IN COUNT TWO, NAMELY, INTERFERENCE WITH COMMERCE BY ROBBERY.

A FIREARM IS USED, CARRIED, POSSESSED OR BRANDISHED "IN RELATION TO" A CRIME OF VIOLENCE IF IT HAS SOME PURPOSE OR EFFECT WITH RESPECT TO THE CRIME OF VIOLENCE AND IF ITS PRESENCE WAS NOT THE RESULT OF AN ACCIDENT OR COINCIDENCE. THE FIREARM MUST HAVE FACILITATED, OR POTENTIALLY FACILITATED THE CRIME OF VIOLENCE. FOR EXAMPLE, IF A FIREARM IS POSSESSED FOR PROTECTION OR INTIMIDATION, IT IS POSSESSED "IN RELATION TO" THE CRIME OF VIOLENCE OFFENSE WITHIN THE MEANING OF THE STATUTE.

IN DETERMINING WHETHER THE FIREARM ASSISTED OR FACILITATED THE COMMISSION OF THE CRIME, YOU MAY CONSIDER ALL OF THE FACTORS RECEIVED IN EVIDENCE IN THE CASE, INCLUDING THE NATURE OF THE UNDERLYING CRIME OF VIOLENCE ALLEGED, THE PROXIMITY OF THE DEFENDANT TO THE FIREARM IN QUESTION, THE USEFULNESS OF THE FIREARM TO THE CRIME ALLEGED, AND THE CIRCUMSTANCES SURROUNDING THE PRESENCE OF THE FIREARM.

AUTHORITY: *United States v. Mitchell*, 104 F.3d 649, 653 (4th Cir. 1997); *United States v. Brockington*, 849 F.2d 872 (4th Cir. 1988).

# INSTRUCTION NO. 46

**<u>DNA EVIDENCE</u>**

WHEN THE IDENTITY OF THE PERSON WHO COMMITTED A CRIME IS IN QUESTION, THE PARTIES MAY INTRODUCE DNA EVIDENCE TO TRY TO PROVE WHO COMMITTED THE CRIME. TO DO THIS, A PARTY MAY PRESENT A "KNOWN" SAMPLE OF A PERSON'S DNA, ONE THAT IS PROVED TO COME FROM THAT PERSON. THIS KNOWN DNA SAMPLE IS THEN COMPARED WITH ANY DNA BEING INTRODUCED TO PROVE WHO COMMITTED THE CRIME. IN THIS CASE THE KNOWN SAMPLE IS THE DNA IN THE BUCCAL SWAB OF THE DEFENDANT'S INNER MOUTH, AND THIS WAS COMPARED TO THE DNA FOUND IN THE SKI MASK.

YOU HAVE ALSO HEARD THE TESTIMONY OF A WITNESS WHO CLAIMS SPECIAL QUALIFICATION IN THE FIELD OF DNA ANALYSIS. THE WITNESS WAS ALLOWED TO EXPRESS AN OPINION IN ORDER TO HELP YOU DECIDE WHETHER THE DISPUTED DNA CONNECTED TO THE CRIME IN QUESTION IS THE DEFENDANT'S DNA. YOU MAY THEREFORE CONSIDER THE WITNESS' OPINION IN REACHING YOUR INDEPENDENT DECISION ON THIS ISSUE.

<u>AUTHORITY</u>: 1 Modern Federal Jury Instructions-Criminal 4.13 (2018)

**VERDICT–ELECTION OF FOREPERSON–DUTY TO DELIBERATE–UNANIMITY–PUNISHMENT–FORM OF VERDICT–COMMUNICATION WITH THE COURT**

UPON RETIRING TO YOUR JURY ROOM TO BEGIN YOUR DELIBERATION, YOU MUST ELECT ONE OF YOUR MEMBERS TO ACT AS YOUR FOREPERSON. THE FOREPERSON WILL PRESIDE OVER YOUR DELIBERATIONS AND WILL BE YOUR SPOKESPERSON HERE IN COURT.

YOUR VERDICT MUST REPRESENT THE COLLECTIVE JUDGMENT OF THE JURY. IN ORDER TO RETURN A VERDICT, IT IS NECESSARY THAT EACH JUROR AGREE TO IT. YOUR VERDICT, IN OTHER WORDS, MUST BE UNANIMOUS.

IT IS YOUR DUTY AS JURORS TO CONSULT WITH ONE ANOTHER AND TO DELIBERATE WITH ONE ANOTHER WITH A VIEW TOWARDS REACHING AN AGREEMENT IF YOU CAN DO SO WITHOUT VIOLENCE TO INDIVIDUAL JUDGMENT. EACH OF YOU MUST DECIDE THE CASE FOR HIMSELF AND HERSELF, BUT DO SO ONLY AFTER AN IMPARTIAL CONSIDERATION OF THE EVIDENCE IN THE CASE WITH YOUR FELLOW JURORS. IN THE COURSE OF YOUR DELIBERATIONS, DO NOT HESITATE TO REEXAMINE YOUR OWN VIEWS AND TO CHANGE YOUR OPINION IF CONVINCED IT IS ERRONEOUS. DO NOT SURRENDER YOUR HONEST CONVICTION, HOWEVER, SOLELY BECAUSE OF THE OPINION OF YOUR FELLOW JURORS OR FOR THE MERE PURPOSE OF THEREBY BEING ABLE TO RETURN A UNANIMOUS VERDICT.

REMEMBER AT ALL TIMES THAT YOU ARE NOT PARTISANS. YOU ARE JUDGES – JUDGES OF THE FACTS OF THIS CASE. YOUR SOLE INTEREST IS TO SEEK THE TRUTH FROM THE EVIDENCE RECEIVED DURING THE TRIAL.

YOUR VERDICT MUST BE BASED SOLELY UPON THE EVIDENCE RECEIVED

IN THE CASE.   NOTHING YOU HAVE SEEN OR READ OUTSIDE OF COURT MAY BE

CONSIDERED.   NOTHING THAT I HAVE SAID OR DONE DURING THE COURSE OF

THIS TRIAL IS INTENDED IN ANY WAY TO SOMEHOW SUGGEST TO YOU WHAT I

THINK YOUR VERDICT SHOULD BE.   NOTHING SAID IN THESE INSTRUCTIONS AND

NOTHING IN ANY FORM OF VERDICT, IS TO SUGGEST OR CONVEY TO YOU IN ANY

WAY OR MANNER ANY INTIMATION AS TO WHAT VERDICT I THINK YOU SHOULD

RETURN.   WHAT THE VERDICT SHALL BE IS THE EXCLUSIVE DUTY AND

RESPONSIBILITY OF THE JURY.   AS I HAVE TOLD YOU MANY TIMES, YOU ARE THE

SOLE JUDGES OF THE FACTS.

THE PUNISHMENT PROVIDED BY LAW FOR THE OFFENSES CHARGED IN THE

INDICTMENT IS A MATTER EXCLUSIVELY WITHIN THE PROVINCE OF THE COURT

AND SHOULD NEVER BE CONSIDERED BY THE JURY IN ANY WAY IN ARRIVING AT

AN IMPARTIAL VERDICT AS TO THE OFFENSES CHARGED.

FORMS OF VERDICTS HAVE BEEN PREPARED FOR YOUR CONVENIENCE.

YOU WILL TAKE THESE FORMS TO THE JURY ROOM AND, WHEN YOU HAVE

REACHED UNANIMOUS AGREEMENT AS TO YOUR VERDICTS, YOU WILL HAVE

YOUR FOREPERSON WRITE YOUR VERDICTS ON THE FORMS, DATE AND SIGN THE

FORMS, AND THEN RETURN WITH YOUR VERDICTS TO THE COURTROOM.

IF IT BECOMES NECESSARY DURING YOUR DELIBERATIONS TO

COMMUNICATE WITH THE COURT, YOU MAY SEND A NOTE, SIGNED BY YOUR

FOREPERSON OR BY ONE OR MORE MEMBERS OF THE JURY, THROUGH THE

BAILIFF.   NO MEMBER OF THE JURY SHOULD EVER ATTEMPT TO COMMUNICATE

WITH THE COURT BY ANY MEANS OTHER THAN A SIGNED WRITING AND THE

COURT WILL NEVER COMMUNICATE WITH ANY MEMBER OF THE JURY

CONCERNING THE EVIDENCE, YOUR OPINIONS, OR THE DELIBERATIONS OTHER THAN IN WRITING OR ORALLY HERE IN OPEN COURT.

YOU WILL NOTE FROM THE OATH ABOUT TO BE TAKEN BY THE BAILIFFS THAT THEY TOO, AS WELL AS ALL OTHER PERSONS, ARE FORBIDDEN TO COMMUNICATE IN ANY WAY OR MANNER WITH ANY MEMBER OF THE JURY CONCERNING THE EVIDENCE, YOUR OPINIONS, OR THE DELIBERATIONS.

BEAR IN MIND ALSO THAT YOU ARE NEVER TO REVEAL TO ANY PERSON – NOT EVEN TO THE COURT – HOW THE JURY STANDS, NUMERICALLY OR OTHERWISE, ON THE QUESTION OF WHETHER OR NOT THE GOVERNMENT HAS SUSTAINED ITS BURDEN OF PROOF UNTIL AFTER YOU HAVE REACHED A UNANIMOUS VERDICT.

AUTHORITY:   1A O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 20.01 (6th ed.) (modified).

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Norfolk Division

UNITED STATES OF AMERICA )
)
v. )                    CRIMINAL NO. 2:18cr119
)
DESMOND LITTLEJOHN )

## **JURY VERDICT FORM**

WE, THE JURY, FIND THE DEFENDANT, DESMOND LITTLEJOHN:

**COUNT 1**:   With respect to Count 1, Conspiracy to Interference with Commerce by Means of

Robbery, we find the defendant, DESMOND LITTLEJOHN:

Guilty _____                    Not Guilty _____

**COUNT 2**:   With respect to Count 2, Interference with Commerce by Means of Robbery, we

find the defendant, DESMOND LITTLEJOHN:

Guilty _____                    Not Guilty _____

**COUNT 3**:   With respect to Count 3, Using a Firearm During a Crime of Violence, we find the

defendant, DESMOND LITTLE JOHN:

Guilty _____                    Not Guilty _____

**FINDING OF FACT:**   If the jury finds the defendant guilty of Count 3 then please check each

fact below that the jury unanimously agrees was proven.

_____ The defendant used or carried a firearm during the robbery.

_____ The defendant brandished a firearm during the robbery.

UNITED STATES v. DESMOND LITTLEJOHN
Criminal No. 2:18cr119


Date: _____          _____
                                     Foreperson's Signature