IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**UNITED STATES OF AMERICA,**

v.                  Criminal No.: 2:18cr00119

**DESMOND LITTLEJOHN,**

       **Defendant.**

## POSITION OF THE DEFENDANT ON SENTENCING

COMES NOW the Defendant, Desmond Littlejohn, by counsel, in accordance with Rule 32 of the Federal Rules of Criminal Procedure, Section 6A1.2 of the Sentencing Guidelines and Policy Statements as well as this Court's Sentencing Order, and hereby represents that the Defendant has reviewed the Probation Office's Pre-sentence Report and sets forth the following as his position on sentencing:

## OBJECTIONS TO THE PRE-SENTENCE REPORT

Mr. Littlejohn, through counsel, has previously offered the following objections to the Pre-sentence Report, which remain unresolved.

1.      Mr. Littlejohn objects to the gang affiliation with the Nine Trey Gangsters (Bloods) as he is no longer affiliated with any gang and has not been since 2012 and has a formal document that shows his renouncement of his membership. Further this will put him in harm's way since he is not a part of nor has any had any gang involvement since 2012;

2.      Mr. Littlejohn objects to paragraph 22 of his Presentence Report stating that no firearm, destructive device, or controlled substance was taken and kept by

1

suspects. A firearm was discarded along with other miscellaneous items and it was returned to the owner/victim before any charges or trial proceedings took place nor was the firearm the object of the offense.

3. Mr. Littlejohn objects to paragraph 47 of his presentence report arguing that this is a single sentence with 3, robbery because of part of the same charging instrument. There are no intervening arrests nor is it two different offenses.

4. Mr. Littlejohn objections to paragraph 54 of his presentence report stating the statement according to documents received from the Norfolk Police Department on August 5, 2004 has nothing to do with him at all.

5. Mr. Littlejohn objects to paragraph 55 stating he was never arrested on an assault charge on 1/09/2017 which can be verified by his probation officer and former employer.

6. Mr. Littlejohn objects to paragraph 63 stating he did not join the gang to be part of something but he felt he could make a positive change in younger people coming from a similar struggle growing up. He states he has not been involved in any gang activity since 2012. The other individual being in a gang had nothing to do with why they had a physical altercation. He states he was not involved with any active gang related association since 2012, only through reentry, volunteer efforts to assist in returning to citizens with finding employment, mentoring and assist with enrollment into various educational programs.

7. Mr. Littlejohn objects to paragraph 72 stating he attended 1 semester of college at Tidewater Community College. He planned on finishing his education to be a

certified personal trainer. He states he also obtained his fitness business name copyright certificate.

8. Mr. Littlejohn objects to paragraph 76 and states he was a cook at Logan's Steakhouse.

9. Mr. Littlejohn objects to paragraph 78 and states he was the guest motivational speaker for the summer of 2017 at the reentry commencement ceremony at Sussex II State Prison and received a certificate of acknowledgment. He was a guest speaker at the 4th Annual Reentry Summit held at Old Dominion University. He was a guest speaker at Kipp Collegiate Prepatory High School in Gaston, North Carolina with permission from my probation officer. He was a guest speaker for a Richmond community event called Stay Out of Prison 4 Life coordinated by Ms. Clovia Lawrence on 2/17/2018.

10. Mr. Littlejohn objects to paragraph 80 stating that he performed his musical performances once or twice a month and not four or five times a month because he had a job and family obligations that limited his time spent as a music artist.

## SECTION 3553 FACTORS

As the Supreme Court has long recognized, "it has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue." *Koon v. United States*, 518 U.S. 81, 113 (1996). With the United States Sentencing Guidelines now rendered "advisory only," *Kimbrough v. United States*, 128 S. Ct. 558, 564 (2007), a

3

district court has substantial discretion in fashioning a sentence appropriate to the individual circumstances of the defendant and the unique facts of the offense. While the Court must consider the guideline range in a case, "the Guidelines are not the only consideration." *Gall v. United States*, 128 S. Ct. 586, 597 (2007), *see also*, *Kimbrough*, 128 S. Ct. at 564 ("the Guidelines, formerly mandatory, now serve as one factor among several courts must consider in determining an appropriate sentence").

Indeed, as mandated by Congress, the fundamental principle of sentencing is that a court "*shall impose a sentence sufficient, but not greater than necessary*" to meet specified sentencing goals, including the goal of just punishment. 18 U.S.C. § 3553. In determining the minimally sufficient sentence, §3553 directs sentencing courts to consider the following factors:

    (1)    the nature and circumstances of the offense and the history and characteristics of Mr. Littlejohn;

    (2)    the need for the sentence imposed;

        (A)    to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

        (B)    to afford adequate deterrence to criminal conduct;

        (C)    to protect the public from further crimes of Mr. Littlejohn; and

        (D)    to provide Mr. Littlejohn with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

    (3)    the kinds of sentences available;

(4) the kinds of sentences and the sentencing range established for [the offense];

(5) any pertinent policy issued by the Sentencing Commission;

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. Section 3553.

In addition, a district court "may not presume that the Guidelines range is reasonable," and instead "must make an individualized assessment based on the facts presented." *Gall*, 128 S. Ct. at 597. Moreover, the Supreme Court has specifically ruled that, in balancing the §3553(a) factors, a judge may determine that, "in the particular case, a within-Guidelines sentence is 'greater than necessary' to serve the objectives of sentencing." *Kimbrough*, 128 S. Ct. at 564. *See Rita v. United States*, 127 S. Ct. 2456, 2465 (2007) (a district court may consider arguments that "the Guidelines sentence itself fails properly to reflect §3553(a) considerations, or [that] the case warrants a different sentence regardless.")

Other statutes also give the district court direction in sentencing. For instance, under 18 U.S.C. § 3582, imposition of a term of imprisonment is subject to the following limitation: in determining whether and to what extent imprisonment is appropriate based on the Section 3553(a) factors, the judge is required to recognize that imprisonment is *not* an appropriate means of promoting correction and rehabilitation (emphasis added). In sum, in every case, a sentencing court must consider *all* of the § 3553(a) factors, not

5

just the guidelines, in determining a sentence that is sufficient but not greater than necessary to meet the goals of sentencing.

## Nature and Circumstances of the Offense

Mr. Littlejohn was found guilty of one count of Conspiracy to Interfere with Commerce by Means of Robbery in violation of 18 U.S.C. § 1951 (a), one count of Interference with Commerce by Means of Robbery in violation of 18 U.S.C. §§ 1951 (a) and (2), and one count of Use of a Firearm During a Crime of Violence in violation of 18 U.S.C. §§ 924 (c)(1)(A)(ii) and (2).

## History and Characteristics of Mr. Littlejohn

Mr. Littlejohn sincerely hopes that the Court will glean from the letters written on his behalf, some sense of the type of man he is in his heart. He also hopes that the Court will gain a sense of the type of person Mr. Littlejohn strives to become.

As Mr. Littlejohn's brother Steven Birks indicated in his letter, Mr. Littlejohn strove to be a mentor to and an advocate for young people in the community. Mr. Littlejohn also exhibited his passion for mentorship during his time volunteering with the Virginia Department of Corrections Re-entry Program. As a volunteer for that program, Mr. Littlejohn drew from his own experiences in an effort to help mentor and guide inmates who were re-entering the community from prison.

As the Court can see from the information in the Pre-sentence Report, Mr. Littlejohn had a rough time growing up. Although his mother was loving and supportive of her children, she was often absent from the home due to having to work multiple jobs to support the family. Mr. Littlejohn had a dearth of positive role models in his life,

especially male role models. As a result, Mr. Littlejohn was drawn to the wrong crowd and began a cycle of incarcerations from which he desperately wanted to break free.

Mr. Littlejohn hopes that this Court will see the good in him and his capacity for redemption. Mr. Littlejohn of course realizes that none of this entitles him to a free pass and he understands that he will not avoid punishment. He asks, however that the Court consider the punishment he and his family has already endured in mitigation of its sentence. While none of these factors are adequately accounted for in the guidelines calculations, they certainly weigh in favor of a minimal sentence.

### The Need for the Sentence Imposed to Promote Respect for the Law, to Provide Just Punishment, to Afford Adequate Deterrence to Criminal Conduct, and to Protect the Public

Mr. Littlejohn does not dispute the seriousness of the offenses for which he has been convicted. Accordingly, he understands that he is facing a very long prison sentence. Mr. Littlejohn respects this Court and he respects the law and he implores the Court to consider that such a sentence in not necessary to deter him from future misconduct.

Mr. Littlejohn is 33 years old. With a guidelines sentence, he would be in his late forties when he is released from the Bureau of Prisons. Mr. Littlejohn realizes that he is truly at a crossroads in his life. Having spent the entirety of his twenties in state prison, Mr. Littlejohn has no desire to grow old inside of a prison cell. He is dedicated to serving his debt to society, and then upon release, to rebuilding his life. He is adamant that once he is released he will be a model probationer and he will not do anything that would jeopardize his freedom.

Under these circumstances, a minimal sentence is a just punishment and is more than sufficient to deter future unlawful conduct and to protect the public.

### The Need to Provide Mr. Littlejohn with Educational or Vocational Training, Medical Care, or Other Correctional Treatment

As noted in the Pre-sentence Report, Mr. Littlejohn previously obtained his GED. He also briefly attended Tidewater Community College although his financial situation was such that he was unable to continue after his first semester. Mr. Littlejohn fully intends to use the time during which he is incarcerated to further his education. Indeed, at a minimum, he hopes to have the opportunity to attain his bachelor's degree.

Furthermore, Mr. Littlejohn intends to pursue all of the vocational training opportunities available to him through the Bureau of Prisons. Ultimately, he hopes to learn a trade that he can pursue upon release. He intends to take these steps not only for personal fulfillment, but also as a means towards helping him reenter the workforce into a responsible and well-paying position that will allow him to provide for himself and his family.

To this end, Mr. Mr. Littlejohn requests that this Court do everything in its power to see that he is placed in an appropriate facility as close to the Hampton Roads area as possible so that his family may continue to visit him.

### The Sentencing Range Established for the Offense

The Pre-sentence Report sets forth a total offense level of 25 and criminal history category of IV. The resulting guideline range is 84-105 months. Mr. Littlejohn is also subject to a consecutive 84-month mandatory minimum sentence as a result of the

firearms offense. A sentence at the low end of the guidelines' range of 84 months, when coupled with the 84-month-mandatory consecutive sentence for the firearms charge, would result in a sentence of 168 months.

The government has requested that the Court depart upward and impose a draconian sentence of 240 months. In support of its request the government alleges that Mr. Littlejohn's criminal history category substantially underrepresents the seriousness of Mr. Littlejohn's criminal history.

Mr. Littlejohn respectfully avers that his criminal history category of IV is properly calculated and more than adequately represents the seriousness and degree of his prior record. Mr. Littlejohn served his time and paid his debt to society for his past transgressions, many of which occurred when he was a juvenile. Taking into account the required mandatory sentence of at least 84 months consecutive, Mr. Littlejohn is already facing a sentence that is double the low end of his guidelines' range.

The probation officer, who is charged with viewing all of the circumstances and assessing in light of her considerable experience and expertise whether such cause exists for an upward departure, has made no such determination in this case. This Court has no doubt seen criminal histories far worse that Mr. Littlejohn's that did not warrant an upward departure. The government's request smacks of vindictiveness.

Considering all of the circumstances of this case, as well as the goals of sentencing, the sentence sought by the government is far greater that necessary to fulfill the goals and mandates of § 3553. Accordingly, Mr. Littlejohn respectfully

requests that the Court deny the government's motion for upward departure and impose a sentence of no greater than 84 months plus 84 months consecutive.

## CONCLUSION

For the reasons set forth above, the Defendant, Desmond Littlejohn, by counsel, respectfully submits that a sentence of no greater than 84 months plus 84 months consecutive will accomplish the purposes of sentencing set forth in 18 U.S.C. § 3553.

Respectfully submitted,

DESMOND LITTLEJOHN
By Counsel

_____/s/_____
James O. Broccoletti, Esquire
VSB# 17869
Counsel for Desmond Littlejohn
ZOBY, BROCCOLETTI & NORMILE, P.C.
6663 Stoney Point South
Norfolk, VA 23502
(757) 466-0750
(757) 466-5026
james@zobybroccoletti.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of May, 2019, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

William David Muir, Esquire
William Buchanan Jackson, Esquire
Assistant U.S. Attorneys
*Office of the United States Attorney*
101 West Main Street, Suite 8000
Norfolk, VA 23510

_____/s/_____
James O. Broccoletti, Esquire

VSB# 17869
Counsel for Desmond Littlejohn
ZOBY, BROCCOLETTI & NORMILE, P.C.
6663 Stoney Point South
Norfolk, VA 23502
(757) 466-0750
(757) 466-5026

I hereby certify that on the 3rd day of May, 2019, I caused a true and correct copy of the foregoing to be mailed to the following non-filing user:

Shannon E. Gerard
U.S. Probation Officer
600 Granby Street, Suite 200
Norfolk, VA 23510

/s/
James O. Broccoletti, Esquire
VSB# 17869
Counsel for Desmond Littlejohn
ZOBY, BROCCOLETTI & NORMILE, P.C.
6663 Stoney Point South
Norfolk, VA 23502
(757) 466-0750
(757) 466-5026
james@zobybroccoletti.com